UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SONIA INES TORRES,

Plaintiffs,

v.

UNITED STATES POSTAL
SERVICE/OFFICE,

Defendant.

Case No. 2:26-cv-00793-CDS-EJY

**ORDER
and
REPORT and RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), Civil Rights Complaint, and Motion for Appointment of Counsel. ECF Nos. 1, 1-1, 3. Because any potential claims Plaintiff may have against the United States are time barred, the Court recommends Plaintiff's IFP be denied as moot and the Complaint be dismissed with prejudice.

**I.      Screening Standard**

Upon granting a request to proceed *in forma pauperis,* a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   Discussion

### A.   Plaintiff's Complaint.

Plaintiff's contentions arise from her November 2007 move to Las Vegas, Nevada. ECF No. 1-1 at 3. Prior to moving, Plaintiff alleges she worked as a mail carrier for the United States Postal Service ("USPS") in East Lansing, Michigan. *Id*. At some time in October 2007, Plaintiff says she told the East Lansing Postmaster that she was moving to Las Vegas and asked for advice regarding how to continue her employment with the USPS once she moved. *Id*. The Postmaster allegedly looked at a "bulletin" and told Plaintiff to visit a Post Office in Las Vegas after her move to inquire into continuing her employment. *Id*.

Upon arriving in Las Vegas Plaintiff called a Las Vegas Post Office inquiring into employment,[1] but was told "to come to H/R … in December" as she had just missed November's reinstatement date. *Id*. at 3-4. Plaintiff says that, as instructed, she went to the Post Office in December, but was advised her records from East Lansing had not arrived. *Id*. at 4. Plaintiff alleges that at this time she was told to "fill out a lot of forms," provide her work ID, and wait for her transfer. *Id*. Some time later, Plaintiff says she received a letter advising her that she needed to take a "test" despite her prior work history. *Id*.

---

[1] The Complaint identifies the Las Vegas Post Office on East Sunset Road as the Defendant in this action. However, Plaintiff's allegation do not make clear what Post Office, if any, she called or visited.

In January 2008, Plaintiff appears to have received a letter from human resources stating that she was on the waiting list for a USPS job in Las Vegas. *Id*.; ECF No. 1-2 at 1. Plaintiff also says she called USPS human resources in Las Vegas to ask if her "records" from East Lansing had been received and was told they were not. ECF No. 1-1 at 4. Plaintiff avers she also repeatedly called the East Lansing Post Office in an effort to speak with the Postmaster who originally gave her advice, but was "always told he was not there." *Id*. Over the following years, Plaintiff submits she called and wrote certified letters to the East Lansing and Las Vegas Post Offices about the status of her "records" but never heard back. *Id*. at 4-5.

In all, Plaintiff contends USPS never provided her with "any forms to sign" about her move and efforts to obtain USPS employment in Las Vegas. *Id.* at 5; ECF No. 1-3 at 3. Plaintiff says she called and wrote to USPS locations throughout the United States seeking the "whereabouts" of her personnel records and the Postal Regulation Registration/Transfer form known as "PS Form 2574," which was never given to her. ECF No. 1-1 at 5. *See also* ECF No. 1-2 at 3-4. Eventually, the National Personnel Records Center allegedly sent Plaintiff a "large package" with documents from her time working in East Lansing, but that box did not contain a "PS Form 2574." ECF No. 1-3 at 3. Plaintiff repeatedly expresses frustration that she relied on the East Lansing Postmaster's advice regarding how to continue her employment with the USPS following her move to Las Vegas. ECF Nos. 1-1 at 5; 1-3 at 4.

B.    Plaintiff's Conceivable Claims are Time Barred.

Plaintiff's Complaint does not identify a single cause of action. ECF No. 1-3 at 2-4. While she is clearly upset about not returning to work for the USPS after her November 2007 move to Las Vegas, there can be no dispute that she first learned she was on a "reinstatement" list in January 2008. ECF No. 1-2 at 1. That letter made clear to Plaintiff that if she was not recalled within one year, she was required to request to remain on the list in writing. *Id*. Plaintiff's Complaint is devoid of facts showing she ever notified the USPS of her desire to remain on the reinstatement list, but instead repeatedly focuses on a form that she did not receive (the PS 2574). Nevertheless, what is clear is that long before Plaintiff filed her Complaint on March 17, 2026, she was aware that she had not been reinstated to the USPS. In total it has been more than 18 years since Plaintiff moved to Las

3

Vegas. Even granting that Plaintiff received a letter in January 2008 stating it could take five years for her reinstatement (ECF No. 1-2 at 1), which would perhaps explain waiting until 2013 to bring her Complaint, Plaintiff asserts no facts that would or can explain why she waited until March 2026 to come before the Court.

Under the Postal Reorganization Act, the USPS is "an independent establishment of the executive branch" of the United States Government. *Dolan v. U.S. Postal Service*, 546 U.S. 481, 483-84 (2006) (citing 39 U.S.C. § 201). As such, a suit against the USPS is treated as a suit against the United States. *Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) citing *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979) (dictum). The Federal Tort Claims Act ("FTCA") "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Under 28 U.S.C. § 1658(a), all claims against the United States sounding in torts must be presented "in writing to the appropriate Federal agency within two years after such claim accrues," and a civil action must be filed no later than six months after the final agency decision regarding the written submission.

Other civil non-tort claims against the United States, including claims brought under the Freedom of Information Act, must be brought "within six years after the right of action first accrues." *See Ahluwalia v. U.S. Postal Serv.*, 914 F.2d 1496, 1990 WL 140714, at *1 (9th Cir. 1990) (citing 28 U.S.C. § 2401); *Zaldivar v. United States Dep't of Veterans Affs.*, 695 Fed.Appx. 319, 320 (9th Cir. 2017). Claims under the Privacy Act are subject to a two-year statute of limitations. 5 U.S.C. § 552a(g)(5). Finally, federal employees "who believe they have been discriminated against on the basis of race; color; religion; sex; national origin; age; disability; genetic information; or pregnancy, childbirth, or related medical conditions" must contact an Equal Employment Opportunity Counselor within 45 days of the date of the alleged discrimination. 29 C.F.R. 1614.105; *see also Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

Still, the Court considered Plaintiff's ability to amend her Complaint to state a claim under one of the above statutes. However, any claims based on the set of facts presented arose, if at all, long before March 2026 when Plaintiff filed her Complaint. ECF No. 1-1. More specifically,

4

Plaintiff learned in January 2008 that she was on the waiting list for a mail carrier position in Las Vegas. ECF No. 1-2 at 1. To the extent Plaintiff is attempting to state a claim based on being on that list and not recalled, there is no doubt she was aware of her alleged injury when, as she alleges, she repeatedly heard nothing in response to repeated, unending efforts to obtain the status of her records. ECF Nos. 1-1 at 4-5; 1-3 at 1. Thus, while Plaintiff, at some point in time, may have been able to allege enough facts to state a claim, the statute of limitations for all potential causes of action have expired. *Viray v. United States Postal Serv.*, Case No. 18-CV-00099-BLF, 2018 WL 1950001, *4 (N.D. Cal. Apr. 25, 2018) (holding any of Plaintiff's potential claims against USPS based on an incident in August 2009 "are barred by the statutes of limitations under any conceivable theory").[2]

Further, the Court finds that no equitable considerations excuses Plaintiff's delay in bringing this lawsuit nearly two decades after she first encountered facts that underly her Complaint.[3] While the Court recognizes Plaintiff might be able to allege clarifying facts that would identify her actual claims, the Court nevertheless finds that any amendment would be futile because the passage of time has barred her ability to bring those claims against the United States. *Viray,* 2018 WL 1950001, *4. Accordingly, the Court recommends her Complaint be dismissed with prejudice.

C.    The Court Denies Appointment of Counsel.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353

---

[2]    For example, if Plaintiff intended on suing under the Privacy Act based on the accuracy of or access to her employment records arising from the January 2008 letter, the two-year statute of limitation expired in 2010. 5 USC § 552a(g)(5). If Plaintiff wanted to sue USPS for employment discrimination based on her not being reinstated in Las Vegas as a mail carrier, she had to contact an EEO counselor within 45 days of the action Plaintiff alleges was discriminatory. *Lyons*, 307 F.3d at 1105. And under the "catch-all" statute of limitations, 28 USC § 2401(a), all other claims would have expired at the latest in 2014, six years after the conduct alleged in the Complaint. *Viray v. United States Postal Serv.*, Case No. 18-CV-00099-BLF, 2018 WL 984874, at *3 (N.D. Cal. Feb. 20, 2018) (as alleged, any conceivable claim against USPS arising from an incident in August 2009 would be blocked by any applicable statute of limitations).

[3]    Equitable considerations may toll the statute of limitation to bring certain claims. *U.S. v. Wong*, 575 U.S. 402, 418 (2015) (equitable tolling applies to FTCA claims); *Lyons*, 307 F.3d at 1105 n.5 (deadline to contact an EEO Counselor to pursue a discrimination claim was subject to equitable tolling); *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) (equitable tolling applies to Privacy Act claims). Equitable tolling applies when (1) a plaintiff has been pursuing her rights diligently, and (2) some extraordinary circumstances stood in her way to prevent timely filing. *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (citations omitted). Extraordinary circumstances means that the reason for "the litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). Here, Plaintiff's Complaint does not present any evidence of extraordinary circumstances beyond her control preventing the timely filing of her lawsuit. Although leave to amend is to be freely granted, the Court finds that based on Plaintiff's Complaint no additional facts could cure this deficiency.

(9th Cir. 1981). Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds Plaintiff's claims are time barred and thus, her likelihood of success is minimal. In the end, appointment of counsel is unwarranted.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

Dated this 27th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's

order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).