UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sonia Ines Torres,<br><br>                    Plaintiff<br><br>v.<br><br>United States Postal Service,<br><br>                    Defendant | Case No. 2:26-cv-00793-CDS-EJY<br><br>**Order Overruling the Plaintiff's Objection<br>and Adopting the Magistrate Judge's<br>Report and Recommendation**<br><br>[ECF Nos. 1, 4, 5] |

Pro se plaintiff Sonia Torres initiated this action against the United States Postal Service by filing an application to proceed *in forma pauperis* and a complaint. ECF Nos. 1, 1-1. United States Magistrate Judge Elayna J. Youchah screened Torres's complaint and issued a recommendation (R&R) that I dismiss this matter with prejudice because Torres's conceivable claims are time barred. R&R, ECF No. 4. Torres objects to the dismissal. Obj., ECF No. 5. Having reviewed the magistrate judge's report and recommendation, I accept it in full and dismiss Torres's complaint with prejudice.

**I.    Standard of review**

"[A] party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b). Then, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sep. 16, 2014). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

## II.    Discussion

As an initial matter, the magistrate judge notes that Torres does not identify a single cause of action. ECF No. 4 at 3. Indeed, Torres's complaint is written in a narrative form that does not relate to any specific legal claims. Instead, Torres describes a "long and painful situation" related to her attempts to transfer her postal service employment from Michigan to Las Vegas in 2007. *See generally* ECF No. 1-1. In the R&R, the magistrate judge reasoned that because nearly two decades had passed since Torres moved to Las Vegas, "the passage of time has barred her ability to bring . . . claims against the United States." ECF No. 4 at 5.

Although Torres filed an objection, she fails to properly object to any specific finding or recommendation made in the R&R. ECF No. 5. Instead, Torres simply reiterates the narrative asserted in her complaint. "In short, an objection to a magistrate's findings and recommendations is 'not a vehicle for the losing party to relitigate its case.'" *Conner v. Kirkegard*, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018) (quoting *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009)). Thus, I am not required to conduct de novo review under 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Judge Youchah concluded, and I agree, that Torres's claims are time barred and, because amendment would be futile, must be dismissed with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (dismissal with leave to amend is appropriate "unless [the court] determines that the pleading could not possible be cured by the allegation of other facts"). Because I find

2

that there is no clear error on the face of the record, I accept the magistrate judge's recommendation in its entirety.

### III.    Conclusion

It is hereby ordered that the plaintiff's objection **[ECF No. 5] is overruled**.

It is further ordered that the magistrate judge's report and recommendation **[ECF No. 4] is accepted in full**; therefore, this case is **dismissed with prejudice** and the plaintiff's application to proceed *in forma pauperis* **[ECF No. 1] is denied as moot**.

The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case. No other documents may be filed in this now-closed case.

Dated: May 15, 2026

_____
Cristina D. Silva
United States District Judge

3